IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLINT GREGSON,
        Petitioner,

vs.                                             5:08cv133/RS/MD

SCOTT A. MIDDLEBROOKS, WARDEN,
        Respondent.

---

ORDER and
REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  The government has filed a response (doc. 11), the petitioner has filed a reply  (doc. 13).  The government has also filed a motion for leave to file a response to the petitioner's reply (doc. 14), which motion is GRANTED. The response has also been filed.  (Doc. 15).

Petitioner is a federal inmate who was sentenced to serve a 41 month term of imprisonment for violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.  He is scheduled for release via good time credit on February 26, 2009 (doc. 11, att. ¶ 3).  In the instant motion, petitioner contends that the BOP has improperly excluded him from early release eligibility pursuant to 18 U.S.C. § 3621(e)(2)(B), despite his successful completion of the Residential Drug Abuse Program ("RDAP"). He claims that 28 C.F.R. § 550.58, implementing 18 U.S.C. § 3621 is invalid under the Administrative Procedures Act (APA).

Title 18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes a substance abuse

treatment program.  Title 28 C.F.R. § 550.58 provides additional considerations for early release under this statute, and certain categories of inmates are not eligible for early release.  Subsection § 550.58(a)(vi)(B) provides that inmates whose current offense is a felony that involved the carrying possession or use of a firearm are not eligible for early release.  Petitioner contends that he was improperly denied the one year sentence reduction on this basis.  The BOP's discretionary authority to preclude early release based on this regulation was upheld in *Lopez v. Davis*, 531 U.S. 230, 240 & 244, 121 S.Ct. 714, 724, 148 L.Ed.2d. 635 (2001).  Petitioner contends that the court should follow the Ninth Circuit's recent decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), which held that the regulation implemented by the BOP categorically excluding from early release prisoners convicted of offenses involving possession, carrying, or use of firearms violated the Administrative Procedures Act (APA).  The court need not reach the merits of petitioner's claim at this time as he has failed to exhaust his administrative remedies.

Although the exhaustion requirement of the PLRA does not apply to habeas petitions, it is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241.  *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (addressing § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same).  This requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit);  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th

Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted).

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints.  28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances.  *Id.* at § 542.13(a).  If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b).  An appeal may then be taken to the Regional Director.  *Id.* at § 542.15.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP.  *Id.*  Each of these steps is generally required to satisfy the exhaustion prerequisite.   Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending.   *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

In this case, petitioner admits that he has not properly exhausted his administrative remedies prior to filing suit (memo at 6), and his case is subject to dismissal on that ground.  He argues in his response that he should be excused from the exhaustion requirement because exhaustion would be futile as the administrative body is biased or has otherwise predetermined the issue before it. *Citing McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The court does not find this argument to be well-taken under the circumstances in the case at bar; the fact that a favorable administrative remedy outcome is unlikely does not meet petitioner's burden of establishing extraordinary circumstances justifying waiver.  See e.g., *Irwin v. Hawk*, 40 F.3d 347, 349 (11th Cir. 1994); *Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiting the requirement of exhaustion.  Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."); *Portela-Gonzalez v. Secretary of the Navy*, 109 F.3d 74, 78 (1st Cir. 1997) ("A

pessimistic prediction or a hunch that further administrative proceedings will prove unproductive is not enough to sidetrack the exhaustion rule.")   The respondent notes that the administrative remedy process allows the Bureau to review its regulations and program statements after a contrary judicial determination, such as *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).   And, as stated by the respondent, "[w]hile the Bureau currently elects to apply the Ninth Circuit case law to only Ninth Circuit inmates, it certainly could consider additional changes through an inmate's use of the administrative remedy process."[1]  In light of the relative newness of the *Arrington* decision, the court does not find waiver of the administrative exhaustion requirement to be proper.

Accordingly it is ORDERED:

Respondent's motion for leave to file a response (doc. 14) is GRANTED.

And it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under § 2241 (doc. 1) be denied without prejudice as this court does not have jurisdiction to consider the merits of petitioner's claim due to his failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida this 11th day of August, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

1 The court also notes that at least one other court has declined to follow *Arrington.*  See *Gatewood v. Outlaw*, 2008 W L 2002650 (E.D. Ark. 2008).

*Case No: 5:08cv133/RS/MD*

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**